Filed 7/21/23  P. v. Walker CA2/2
(Opinion following transfer from Supreme Court)

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B310712 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA222258) |
| v. | |
| VANESSA WALKER, | **OPINION ON REMAND** |
| Defendant and Appellant. | |

THE COURT:

Pursuant to the April 12, 2023, order of the California Supreme Court, we vacate our November 9, 2021, decision in this matter.  Upon reconsideration in light of *People v. Delgadillo* (2022) 14 Cal.5th 216, 232–233 & fn. 6 (*Delgadillo*), we exercise our discretion to conduct an independent review of the record. Based on that independent review, we affirm the trial court's

order denying the Penal Code section 1172.6[1] (former § 1170.95)[2] petition filed by defendant and appellant Vanessa Walker.

## BACKGROUND

In 2003, defendant and her husband were charged with first degree murder (§ 187, subd. (a)) and conspiracy to commit first degree murder (§§ 187, subd. (a), 182, subd. (a)). (*People v. Walker* (Jan. 14, 2005, B168784) [nonpub. opn.], at p. 2 (*Walker I*).) Following a jury trial, defendant was convicted of the lesser included offense of second degree murder. (§ 187, subd. (a); *Walker I*, *supra*, B168784, at p. 2.) She also admitted to a prior conviction for voluntary manslaughter. (§ 192.) The trial court sentenced her to 35 years to life in state prison. (*Walker I*, *supra*, B168784, at p. 2.) On direct appeal, we affirmed the judgment as to defendant. (*Id.* at pp. 3, 32.)

On March 6, 2019, defendant filed a petition for resentencing under section 1172.6 and was appointed counsel. The People filed an opposition to the petition, arguing that defendant was ineligible for resentencing relief because she had not been convicted under a theory of vicarious liability, such as felony murder or the natural and probable consequences doctrine. The People attached multiple exhibits, including the record of defendant's 2003 trial and our opinion in her direct appeal.

Defendant's counsel filed a reply, contending that because defendant had satisfied the requisite elements establishing a prima facie showing for relief under section 1172.6, the trial court

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.) For simplicity, we refer to the section by its new numbering.

2

should issue an order to show cause for an evidentiary hearing. Defendant did not attach any exhibits.

On January 11, 2021, the trial court summarily denied defendant's petition, finding her ineligible for relief because defendant was convicted as the actual killer or as an aider and abettor, and, in any event, the jury had not been instructed on either felony murder or the natural and probable consequences doctrine.

Defendant timely appealed from the trial court's order. Counsel was appointed to represent defendant in connection with this appeal. After reviewing the record, appointed counsel filed a brief raising no issues and asking this court to independently review the entire record on appeal for arguable issues, pursuant to the procedures set forth in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Counsel informed defendant that she could file a supplemental brief and sent her the transcripts of the record on appeal and a copy of the opening brief.

On August 17, 2021, we sent a notice to defendant stating the following: "Counsel appointed to represent appellant on appeal has filed an appellant's opening brief that raises no issues. ([*Wende*, *supra*,] 25 Cal.3d [at p.] 442.) [¶] Appointed counsel is directed to send the record of this appeal and a copy of appellant's opening brief to appellant immediately. Within 30 days of the date of this notice, appellant may submit a supplemental brief or letter stating any grounds for an appeal, or contentions, or arguments which appellant wishes this court to consider."

Defendant did not file a supplemental brief, and, following the procedures established in *People v. Cole* (2020) 52 Cal.App.5th 1023, 1039–1040, review granted October 14, 2020, S264278, we dismissed her appeal as abandoned. (*People v.*

*Walker* (Nov. 9, 2021, B310712) [nonpub. opn.], at p. 3
(*Walker II*).)

Defendant filed a petition for review with the California Supreme Court, which was granted on January 19, 2022. In an order filed on April 12, 2023, the California Supreme Court transferred the case back to this court "with directions to vacate [our] decision and reconsider whether to exercise [our] discretion to conduct an independent review of the record or provide any other relief in light of [*Delgadillo, supra*,] 14 Cal.5th [at pp.] 232–233 & fn. 6."

On April 26, 2023, defendant's appointed counsel filed a brief asking us to conduct an independent review of the record. On May 10, 2023, the People filed a letter urging us to dismiss this appeal without further review. On May 18, 2023, defendant filed a supplemental brief requesting, among other things, that we independently review the record.

## DISCUSSION

### I. Independent Review

*Delgadillo* prescribed the following procedures when appointed counsel finds no arguable issues in an appeal from the denial of a section 1172.6 petition:

"(1) [C]ounsel should file a brief informing the court of that determination, including a concise recitation of the facts bearing on the denial of the petition; and (2) the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court may dismiss the matter. [Citations.]

"If the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific

4

arguments presented in that brief and to issue a written opinion. The filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues. [Citations.] If the defendant does not file a supplemental brief or letter, the Court of Appeal may dismiss the appeal as abandoned. [Citation.] If the appeal is dismissed as abandoned, the Court of Appeal does not need to write an opinion but should notify the defendant when it dismisses the matter. [Citation.] While it is wholly within the court's discretion, the Court of Appeal is not barred from conducting its own independent review of the record in any individual section 1172.6 appeal. [Citations.]" (*Delgadillo*, *supra*, 14 Cal.5th at pp. 231–232.)

Here, we provided notice to defendant before *Delgadillo* was issued. Although our notice informed defendant of her right to file a supplemental brief, it did not inform her that her appeal could be dismissed if a supplemental brief was not filed. Additionally, the notice "affirmatively cited *Wende* after [defendant]'s counsel had filed a brief pursuant to *Wende*." (*Delgadillo*, *supra*, 14 Cal.5th at p. 233.) Thus, "the notice in this case was suboptimal." (*Ibid.*)

Under these circumstances and "in the interest of judicial economy" (*Delgadillo*, *supra*, 14 Cal.5th at p. 222), we have exercised our discretion to undertake an independent review of the entire record on appeal. Based on this independent review, we determine that defendant is not entitled to any relief under section 1172.6. We are satisfied that defendant's appellate counsel has fully complied with her responsibilities and that no arguable issues exist.

## II.     Defendant's Arguments

In the interest of thoroughness, we will also address the arguments defendant made in her recent supplemental brief.

Defendant principally argues that she is eligible for resentencing under section 1172.6 because she was "not the killer in this crime and did not know this crime was going to take place." In support of this claim, defendant submits a letter from her former husband, which purportedly demonstrates that he was the sole and actual killer.[3] Defendant thus urges us to order the trial court to issue an order to show cause for a resentencing hearing.

Defendant's argument fails for two reasons. First, we cannot consider evidence not presented to the trial court. (*Spaccia v. Superior Court* (2012) 209 Cal.App.4th 93, 108 ["[W]e do not consider evidence which was not before the trial court when it ruled on the motion"]; *People v. Zamora* (1980) 28 Cal.3d 88, 96 ["[W]e should not take judicial notice of matters which should have been, but were not, presented to the trial court"].) The letter submitted on appeal is dated June 2010. Yet defendant gives no reason why the letter was neither proffered to nor referenced in papers filed with the trial court before it denied defendant's section 1172.6 petition in January 2021. Under these circumstances, we cannot review the letter.

Second, even if we agreed that defendant was not the actual killer, we still would not reverse the trial court's order.

---

[3]     Defendant also includes several evaluations from her work supervisors commending her ability and capacity for rehabilitation, presumably to encourage a lighter sentence upon resentencing. These evaluations are not relevant to this appeal, which contests defendant's *eligibility for* resentencing.

Defendant suggests that she is automatically entitled to resentencing relief if she can establish that she is not the actual killer. This argument misunderstands section 1172.6, which provides relief for "person[s] convicted of . . . murder under . . . [a] theory under which malice is imputed to a person based solely on that person's participation in a crime." (§ 1172.6, subd. (a).)

The trial court determined that defendant was convicted either as the actual killer *or* as an aider and abettor.[4] Because the latter theory of conviction still requires the prosecution to prove the defendant's malicious intent, a defendant convicted under this theory does not qualify for resentencing relief under section 1172.6. (See *People v. Gentile* (2020) 10 Cal.5th 830, 850 ["[N]otwithstanding Senate Bill 1437's elimination of natural and probable consequences liability for second degree murder, an aider and abettor who does not expressly intend to aid a killing can still be convicted of second degree murder if the person knows that his or her conduct endangers the life of another and acts with conscious disregard for life"] [abrogated on other grounds by Senate Bill No. 775].) Accordingly, even if defendant could show that she was not the actual killer, the trial court correctly determined that defendant remains ineligible for relief under section 1172.6.

---

[4] As discussed above, our independent review found no error in this determination.

**DISPOSITION**

The order denying defendant's section 1172.6 petition is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____

ASHMANN-GERST, Acting P. J.   CHAVEZ, J.   HOFFSTADT, J.